# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION**<br><br>Plaintiff,<br><br>vs.<br><br>**GREGORY D. MCKEE; T&L LIVESTOCK, INC.; MCKEE FARMS, INC.; and GM FERTILIZER, INC.,**<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:18CV314CW<br><br>Judge Dale A. Kimball |

This matter is before the court on the Plaintiff Ute Indian Tribe's Verified Motion to Recuse [ECF Docket No. 29] Judge Clark Waddoups from this case, pursuant to 28 U.S.C. §§ 144 and 455(a). Judge Waddoups referred the motion to Chief Judge Robert Shelby, who referred the motion to the undersigned judge. The motion is fully briefed and the court concludes that a hearing on the motion would not significantly aid the court in its determination of the motion. After carefully reviewing the materials submitted by the parties as well as the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order.

Plaintiff moves for Judge Waddoups' recusal in this case under both 28 U.S.C. § 144 and 28 U.S.C. § 455(a), arguing that Judge Waddoups is biased or prejudiced against it and that his impartiality might reasonably be questioned.

## I. 28 U.S.C. § 144

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. It is well settled, however, that the mere filing of an affidavit under Section 144 does not automatically disqualify a judge. *See, e.g.*, *United States v. Bray*, 546 F.2d 851, 857 (10th Cir.1976).

The Tenth Circuit has held that "[u]nder § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992); *see also Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances" necessitating recusal. *Hinman*, 831 F.2d at 939.

"To sustain disqualification under § 144, *supra*, there must be demonstrated bias and prejudice of the judge arising from an extrajudicial source which renders his trial participation unfair in that it results in an opinion formed ... on some basis other than that learned from his participation in the case." *United States v. Bray*, 546 F.2d 851, 859 (10th Cir.1976) (quotation and citation omitted). Adverse rulings by a judge in a case are not grounds for disqualification. *Id.* at 857; *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992).

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality

> motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Litkey v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff alleges that in every case in which it has appeared as a litigant bfore Judge Waddoups, Judge Waddoups has demonstrated bias against it and hostility toward both the doctrine of Indian tribal sovereignty and the federal policy of supporting tribal self-governance. However, Plaintiff only points to adverse rulings as support for this assertion. This court has reviewed Judge Waddoups' decisions and finds them to be well-reasoned attempts at thoroughly analyzing the relevant law. Although Judge Waddoups has ruled against Plaintiffs on a number of occasions, each decision is supported by a thoughtful discussion of the law. This court finds no apparent hostility in any of the decisions. Moreover, the fact that a decision is overturned by an appellate court is no indication that the district court decided the matter with bias or prejudice.

Furthermore, Plaintiffs contend that Judge Waddoups treats it differently than other similarly situated litigants based on the timing with which he handles matters. The timing in which a judge can handle a matter is not always within his control, especially if the matter involves a request for expedited consideration and emergency relief. The timing of a court's consideration of matters can be impacted by a variety of factors. This court has reviewed the differences in timing on the different motions and matters before Judge Waddoups, and this court concludes that his case management does not appear to indicate any animosity or prejudice against Plaintiff.

Plaintiff asserts that Judge Waddoups has taken judicial notice of improper matters and

3

made improper inferences. But Plaintiff's "'unsubstantiated suggestions, speculations, [and] opinions,' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *See Carpenter v. Boeing Co.*, 456 F.3d 1183, (10th Cir. 2006) (quoting *Bryce v. Episcopal Church*, 289 F.3d 648, 659-60 (10th Cir. 2002)). Judge Waddoups has simply made rulings on each of the parties' motions based on the pleadings, motions, and memoranda submitted by the parties and the court's application of the facts presented as they apply to the relevant law. There is no evidence that Judge Waddoups has ruled or acted based on any "extrajudicial source." To the extent that Plaintiff believes that Judge Waddoups has misapplied or misconstrued the law, the proper relief is to appeal the adverse ruling not seek his recusal. None of his applications of the law appear to this court to show a deep-seated favoritism or antagonism against Plaintiff. Therefore, the court finds that there is no basis for Judge Waddoups to recuse in this case.

## II. 28 U.S.C. § 455(a)

Under 28 U.S.C. § 455(a), "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification under Section 455 is an objective standard, "[d]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). "The trial judge must recuse himself when there is an appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church*, 289 F.3d 648, 659 (10th Cir. 2002). However, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."

4

*United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982). "Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *In re McCarthey*, 368 F.3d 1266, 1269-70 (10th Cir. 2004). "The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939.

Plaintiff relies on the same arguments under both Section 144 and Section 455. The court has already explained above that after its review of the prior cases Plaintiff has had with Judge Waddoups, there is nothing in Judge Waddoups' rulings or case management of the cases that calls his impartiality into question. His repeated adverse rulings against Plaintiff are thoroughly analyzed under the facts and law before the court and those rulings provide no indication that Judge Waddoups would rule for or against Plaintiff in other matters. Moreover, the differences in timing on any given motion is merely a matter of case management and subject to a myriad of factors. No court can address every case and motion in an identical manner. Judge Waddoups' case management in these cases gives no indication of personal bias against Plaintiff or unfair treatment. The court concludes that no reasonable person, knowing the circumstances of these cases, would harbor any doubts about Judge Waddoups' ability to be impartial to Plaintiff in the present case.

Based on the above reasoning, Plaintiff Ute Indian Tribe's Verified Motion to Recuse [ECF Docket No. 29] Judge Clark Waddoups from this case, pursuant to 28 U.S.C. §§ 144 and

455(a), is DENIED.

Dated this 24th day of January, 2019.

BY THE COURT:

_____
Judge Dale A. Kimball,
United States District Judge