# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY D. MCKEE, T & L LIVESTOCK, INC., MCKEE FARMS, INC, AND GM FERTILIZER, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PROPOSED INTERVENORS' MOTION FOR LEAVE TO INTERVENE**<br><br>Civil Case No. 2:18-cv-00314<br><br>Judge Clark Waddoups |

Before the court are a "Notice of Motion for Leave to Intervene, and Memorandum in Support" filed by Proposed Intervenors "Uinta Utah Indians and Tabequache Colorado Indian," (ECF No. 43) and "Plaintiff-Intervenor Motion for Leave to File Emergency Restraining Order and File Reply of Points and Authorities in Support." (ECF No. 49.) These submissions were filed by four pro se individuals, Mary Carol M. Jenkins, Tara Amboh, Angelita Chegup, and Lynda M. Kozlowicz. For the reasons stated below, the court DENIES the Notice of Motion for Leave to Intervene, (ECF No. 43) and finds the second submission, (ECF No. 49) MOOT.

## Background

On or around September 4, 2013 the Ute Indian Tribe filed a First Amended Complaint against Gregory D. McKee, T&L Livestock, Inc., McKee Farms, Inc., and GM Fertilizer, Inc. (*See* ECF No. 2-2 at 3) for "Misappropriation, Theft, and/or Conversion of Water" in the Ute

Indian Tribal Court. (Compl. ¶ 13, ECF No. 2 at 5.) "The Ute Indian Tribal court held a trial on the matter on July 13, 2015." (Compl. ¶ 17, ECF No. 2 at 6.) "Despite having filed an answer and receiving notice of the trial, Defendants did not participate in the trial." (Compl. ¶ 17, ECF No. 2 at 6.) On August 3, 2015, the Ute Indian Tribal Court entered its Findings of Fact and Conclusions of Law. (ECF No. 2-3 at 28.) On September 29, 2015 the Ute Indian Tribal court entered a Final Judgment for Damages and Permanent Injunction. (*See* ECF No. 2-3 at 57.) On April 17, 2018, Plaintiff filed its Complaint in this court to "recognize, register, and enforce a tribal court money judgment . . . ." (Compl. ¶ 1, ECF No. 2 at 2.)

On February 13, 2019, the proposed intervenors filed their "Notice of Motion for Leave to Intervene." (ECF No. 43.) In this Notice, the proposed intervenors state that they "intend[] to move, and hereby move[] for leave to intervene in this mater as matter or right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure . . . and alternatively for permissive intervention under Rule 24(b) . . . ." (ECF No. 43 at 7–8.) The proposed intervenors argue that they have a "significant protectable interest in this litigation" "in ensuring that [the] water rights are available for the Intervenor's and individual allottees to develop the Uinta Utah Indian's trust land base Uinta Valley Reserve, and for Tabequache Colorado treaty Indian's to claim Tabequache Colorado Reserve as their viable homelands." (ECF No. 43 at 12.)

On February 27, 2019, Plaintiff filed its Opposition to the Proposed Intervenors' Motion. (ECF No. 45.) Plaintiffs argue that "Movants do not claim an interest relating to the property or transaction at issue in this proceeding." (ECF No. 45 at 3.) Plaintiff further argues that "[t]his action does not involve the adjudication of water rights, and Movants have asserted no interest in this determination of whether a tribal court judgment should be recognized." (ECF No. 45 at 3.)

For this reason among others, Plaintiff argues that the Proposed Intervenors' Motion for intervention as a matter right should be denied. (ECF No. 45 at 3.) Plaintiff also argues that the Proposed Intervenors' Motion for permissive intervention should also be denied. (ECF No. 45 at 5.)

On February 27, 2019, Defendants also filed an Opposition to the Proposed Intervenors' Motion, in which they argued:

> [t]he only issues in this matter are whether the Tribal Court has jurisdiction to enter and enforce the Tribal Court Judgment and whether the Tribal Court afforded Defendants due process. There are no other 'rights' to be determined by the litigation before this Court. Movants have failed to articulate any 'interest' that might be impaired or inadequately represented without their presence in the litigation and have failed to demonstrate any reason why this Court should permit them to intervene. The Court should deny the Motion.

(ECF No. 46 at 2.)

On March 14, 2019, the Proposed Intervenors filed a "Motion for Leave to File Emergency Restraining Order and File Reply of Points and Authorities in Support." (ECF No. 49.)

## Analysis

### Intervention as of Right

"Federal Rule of Civil Procedure 24(a) states non-parties may intervene in a pending action as of right if: '(1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties.'" *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citation omitted).

The court concludes that the Proposed Intervenors have failed to assert an interest relating to the subject of this ligation. The Proposed Intervenors "**must** establish an interest in the property or transaction underlying the action that might be impaired by the action's disposition." *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1071 (10th Cir. 2015) (bold added). The court agrees with both Plaintiff and Defendants that the Proposed Intervenors fail to establish an interest in this action. For the reasons stated by both parties, the court agrees that "Movants cannot demonstrate that they have legal or equitable interest in the Tribe's action to enforce the Tribal Court Judgment." (ECF No. 46 at 4.) Because the Proposed Intervenors have failed to satisfy the second requirement for intervention as a right, the court declines to address the remaining requirements. The Proposed Intervenors' Motion for Intervention as a Right is DENIED.

Permissive Intervention

"Rule 24(b)(1)(B) governing permissive intervention provides that, on timely motion, the court may permit anyone to intervene who 'has a claim or defense that shares with the main action a common question of law or fact.'" *Tri-State*, 787 F.3d at 1074. "Permissive intervention is a matter within" the court's discretion. *Kiamichi R. Co. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993). Additionally, other courts in this district have "also stated that another determinable factor is whether the interveners will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 232 F.R.D. 392, 398 (D. Utah 2005) (quotation omitted) (citation omitted).

The court agrees with the Defendants that the Proposed Intervenors have failed to articulate any "claim or defense that has a common question of law or fact with the Tribe's action to enforce the Tribal Court Judgment." (ECF No. 46 at 11.) The court also finds that the Proposed Intervenors will not "contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Kennecott Corp.*, 232 F.R.D. at 398. The court DENIES the Proposed Intervenors' Motion for Permissive Intervention.

## Conclusion

The Proposed Intervenors' "Notice of Motion for Leave to Intervene," (ECF No. 43) is DENIED. Because they are not permitted to intervene, the Proposed Intervenors are not allowed to submit filings in this case. The Proposed Intervenors' "Motion for Leave to File Emergency Restraining Order and File Reply of Points and Authorities in Support," (ECF No. 49) is DENIED as MOOT.

DATED this 1st day of May, 2019

BY THE COURT:

CLARK WADDOUPS
United States District Judge